IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY GOMEZ, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| CITY OF OMAHA, NEBRASKA, TAMI | ) | |
| PHILLIPS, individually, JACOB | ) | |
| HANISZEWSKI, individually, DEVIN | ) | |
| WASHINGTON, individually, and | ) | |
| DASHAWN HAYNES, individually, | | |
| | | |
| Defendants. | | |

COMES NOW Plaintiff, Anthony Gomez, by and through his counsel of record, for his causes of actions against the defendants, is informed and believes, and upon such information and belief, states and alleges:

## INTRODUCTION

1.    This is a lawsuit brought pursuant to the provisions of 42 U.S.C. § 1983 for infringement of Anthony Gomez's ("Mr. Gomez") civil rights guaranteed by the Fourth Amendment to the United States Constitution and other applicable law. Mr. Gomez seeks relief for injuries sustained after being subjected to excessive force during seizure by the Omaha Police Department in Douglas County, Omaha, Nebraska. As a result, Mr. Gomez suffered substantial physical injuries, mental anguish, and monetary damages.

## THE PARTIES

2.    Plaintiff, Mr. Gomez, is a resident of Douglas County, Nebraska.

3.    Defendant, City of Omaha ("Omaha") is a municipality incorporated in the State of Nebraska and is responsible for the acts and omissions of its officers, agents, and employees. The City of Omaha's principal place of business in Douglas County, Nebraska.

4.    Defendant, Tami Phillips, ("Phillips") was at all material times a K-9 police officer with the Omaha Police Department with badge #2409. At all times relevant to this complaint, Phillips was acting under color of state law.

1

5.      Defendant, Jacob Haniszewski, ("Haniszewski") was at all material times a police officer with the Omaha Police Department with badge #2241. At all times relevant to this complaint, Haniszewski was acting under color of state law.

6.      Defendant, Devin Washington, ("Washington") was at all material times a police officer with the Omaha Police Department with badge #2405. At all times relevant to this complaint, Washington was acting under color of state law.

7.      Defendant, DaShawn Haynes, ("Haynes") was at all material times a police officer with the Omaha Police Department with badge #2413. At all times relevant to this complaint, Haynes was acting under color of state law.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this lawsuit's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because the actions and/or events giving rise to this lawsuit occurred in Nebraska.

## FACTUAL ALLEGATIONS

10.      On or about July 5, 2024, Omaha police officers in an unmarked vehicle observed Mr. Gomez make an alleged lane change violation on US Highway 75. These officers initiated their emergency lights and siren to conduct a traffic stop.

11.      Mr. Gomez then continued Westbound on I-80. He accidentally collided with another vehicle on the I-80 Westbound 42nd Street exit.

12.      Due to his vehicle being inoperable following the collision, Mr. Gomez traveled by foot into a nearby neighborhood.

13.      Mr. Gomez then took refuge in a shed located on the property of 4434 Oak Street, Omaha, NE.

14.      Shortly following Mr. Gomez's accident and departure, citizens called law enforcement to report that an individual was seen traversing through backyards in a nearby neighborhood. Omaha officers commenced an on-foot perimeter search of the area.

15.     Defendants Phillips, Haniszewski, Washington, and Haynes were among this group of officers. Phillips was accompanied by a police service dog named "Taz" to aid in the search and apprehension of Mr. Gomez.

16.     After approximately three hours of searching, Defendants approached the backyard of the residence at 4434 Oak Street. Phillips' police dog signaled at the shed where Mr. Gomez remained hidden for the duration of those three hours.

17.     Upon hearing the dog sniff, Mr. Gomez stood up and raised his hands to surrender.

18.     Without announcing their presence or providing any verbal warning or opportunity to surrender without violence, Defendants opened the shed door, encountering Mr. Gomez inside with both of his hands raised.

19.     Mr. Gomez did not present a danger to Defendants, as he was visibly unarmed and raised both hands in compliance.

20.     Regardless of Mr. Gomez's obvious cooperation with Defendants, Phillips deployed her police dog with the intent to use force.

21.     The dog lunged at Mr. Gomez, embedding its teeth in his lower left leg to drag him out of the shed. It thrashed violently enough to leave a stray tooth lodged in his flesh.

22.     Officers then brought Gomez to the ground and handcuffed him. The dog continued to maul his leg while he was handcuffed and incapacitated on the ground. Mr. Gomez begged Defendants for relief, repeatedly pleading, "Get him off me!", and demonstrated significant distress.

23.     Phillips struggled to get Taz to release Mr. Gomez and resorted to prying Taz's jaws open when Taz refused her verbal commands.

24.     Phillips failed to take reasonable action to prevent unnecessary injury until well after officers had fully restrained Mr. Gomez.

25.     Additionally, Defendants Haniszewski, Washington, and Haynes failed to intervene as Phillips violated Mr. Gomez's constitutional rights, resulting in significant harm to Plaintiff.

26.     Mr. Gomez was then transported to UNMC following apprehension for treatment.

27.     While Constitutional violations are de facto injuries, as a proximate result of Defendants' actions, Mr. Gomez has suffered substantial injuries, including but not limited to lacerations and muscle damage in his lower left leg (pictured below):

3

 

28.     This lawsuit seeks redress for the unconstitutional use of excessive force during Mr. Gomez's arrest.

29.     At all times material to this Complaint, Defendants Phillips, Haniszewski, Washington, and Haynes acted on behalf of and under the supervision of the City of Omaha.

### FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 – FOURTH AMENDMENT – UNREASONABLE SEIZURE THROUGH EXCESSIVE FORCE

30.     Mr. Gomez hereby incorporates the foregoing paragraphs as if fully set forth herein.

31.     Phillips had no reason to believe that Plaintiff presented a danger that necessitated force or that Plaintiff would resist arrest. As described above, his demeanor and actions immediately preceding the seizure indicated that he intended to cooperate with law enforcement.

32.     Phillips failed to make a verbal announcement of her presence and intent to deploy the dog in violation of standard police practices and procedures. Phillips failed to provide Mr. Gomez an opportunity to surrender without violence, as he was prepared to do.

33.     It was clearly established that law enforcement officers must provide a verbal warning before deploying a bite-and-hold canine. Any reasonable officer would have understood that deploying a police dog without a warning or opportunity to surrender constitutes excessive force.

34.     Despite the lack of present danger, Phillips used unreasonable and excessive force by deploying a police dog during Mr. Gomez's arrest, which resulted in his extensive leg injuries.

35.     Phillips failed to withdraw the dog even after Plaintiff was subdued and compliant. Phillips permitted the dog to continue to chew and thrash Mr. Gomez's leg.

36.     It was clearly established that law enforcement officers must cause their bite-and-hold canine to release an arrestee once the suspect is subdued and prone. Any reasonable officer would have understood that failing to cause their bite-and-hold canine to release upon the suspect complying constitutes excessive force.

37.     Phillips' actions during Mr. Gomez's arrest were unjustified, unlawful, and unreasonable.

38.     Excessive force during seizure constitutes a violation of the Fourth Amendment of the United States Constitution. Therefore, Phillips violated these constitutional rights during Plaintiff's arrest.

39.     At all material times, Phillips acted under color of state law in her capacity as a police officer with the Omaha Police Department.

40.     As a direct and proximate result of Phillips' actions and/or inactions during seizure, Mr. Gomez has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, permanent nerve damage, torn muscles, and physical pain and suffering.

41.     Phillips is liable to Mr. Gomez under § 1983 for violating Mr. Gomez's Fourth Amendment right to be free from unreasonable seizures and excessive force.

### SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 – FOURTH AMENDMENT – *FAILURE OF BYSTANDER OFFICERS TO INTERVENE IN UNCONSTITUTIONAL CONDUCT*

42.     Mr. Gomez hereby incorporates the foregoing paragraphs as if fully set forth again.

5

43.    Defendants Haniszewski, Washington, and Haynes were bystander officers present during Mr. Gomez's arrest. As such, they had a duty to intervene when Defendant Phillips was violating Mr. Gomez's constitutional rights.

44.    Haniszewski, Washington, and Haynes observed and had reason to know that excessive force was being inflicted upon Mr. Gomez without a legitimate goal or justification.

45.    Haniszewski, Washington, and Haynes had ample opportunity and means to prevent the excessive use of force and violations of Mr. Gomez's constitutionally protected rights from occurring.

46.    At all times relevant to this complaint, Haniszewski, Washington, and Haynes took no action to prevent unconstitutional harm to Plaintiff, allowing, through inaction, Phillips' infliction of excessive force upon Mr. Gomez.

47.    As a result, Haniszewski, Washington, and Haynes violated the constitutional rights guaranteed to Mr. Gomez by the Fourth Amendment of the United States Constitution.

48.    At all material times, Defendants Haniszewski, Washington, and Haynes were acting under color of state law in their capacity as police officers with the Omaha Police Department.

49.    Consequently, Haniszewski, Washington, and Haynes are liable to Mr. Gomez under § 1983 for violating Mr. Gomez's Fourth Amendment right to be free from unreasonable seizures and excessive force.

## THIRD CAUSE OF ACTION: 42 U.S.C. § 1983 – FOURTH AMENDMENT – *MUNICIPAL LIABILITY*

50.    The City of Omaha ("City") is responsible for the actions of its agents and staff, including police officers, under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

51.    At all material times, Defendants Phillips, Haniszewski, Washington, and Haynes acted in accordance with the customs, procedures, and official policies of the City of Omaha.

52.    At all relevant times, the City operated and controlled the Omaha Police Department's Canine Unit and maintained policies and procedures governing the use of a Canine in suspect apprehension, including bite-and-hold procedures and command-release procedures.

53.    The City failed to adequately train Phillips and Taz in proper bite-and-hold procedures and proper command-release procedures, including:

    a.  Announcing police presence prior to deployment of the dog;

    b.  Releasing the bite immediately upon a verbal command;

    c.  Ceasing the use of force once a suspect is secured, compliant, and non-threatening;

    d.  Avoiding prolonged bites that constitute excessive force; and

    e.  Maintaining verbal control over the dog during and after apprehension.

54. The City's training program failed to adequately standardize and ensure Phillips and Taz performed appropriate hands-on and scenario-based training, on:

    a.  Release-on-command drills;

    b.  Recognition of when continued biting is unreasonable;

    c.  Monitoring the dog's grip cycle;

    d.  Legal requirements governing use of force by dogs.

55.  The City has been on notice of the need to provide such systematic training and supervision over the Canine Unit since at least 2016, when an Omaha Police Department dog viciously and gruesomely attacked Elizabeth Bene.

56.  Upon information and belief, the City has received numerous complaints of excessive force by the Canine Unit over the past ten years.

57.  Pursuant to internal Omaha Police Department policy, any use of Canine Force and subsequent complaint must be investigated and reported to the Canine Unit Supervisor and communicated up the chain of command.

58.  Accordingly, the City's policy makers were aware of the deficiencies in the training of the Canine Unit and chose not to implement corrective training and instead chose to deploy inadequately trained handlers and dogs such as Phillips and Taz.

59.  Because Phillips and Taz where not properly trained regarding the policies and procedures for bite-and-hold deployment, Phillips deployed Taz:

    a.  Without announcing their presence and imminent use of dog;

    b.  Continued biting after Mr. Gomez was restrained and compliant;

    c.  Failed to release upon command; and

    d.  Inflicted unnecessarily prolonged hold which enhanced Mr. Gomez's injuries.

60.  As a direct and proximate result of the City's failure to properly train Phillips and Taz, Mr. Gomez has suffered and continues to suffer substantial past and future damages, both

compensatory and general, including, but not limited to, medical bills, permanent nerve damage, torn muscles, and physical pain and suffering.

61.    Consequently, the City of Omaha is liable to Mr. Gomez under § 1983 for violating Mr. Gomez's Fourth Amendment right to be free from unreasonable seizures and excessive force.

## DAMAGES COMMON TO ALL CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT

62.  Mr. Gomez hereby incorporates the foregoing paragraphs as if fully set forth again.

63.  As a direct and proximate cause of the unconstitutional actions of Phillips, Haniszewski, Washington, Haynes, and the City of Omaha, Mr. Gomez suffered injuries, including but not limited to the following:

    a.   Medical expenses in the amount of $17,401.20 to date;

    b.   Past and future legal fees;

    c.   Past and future lost earnings; and,

    d.   Past and future physical and mental pain, suffering, anguish and emotional distress.

WHEREFORE, Mr. Gomez prays this Court enter judgment against the Defendants, jointly and severally, on his First, Second, and Third Causes of Action for the general and special damages that Mr. Gomez has and will continue to sustain; punitive damages as appropriate; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney's fees; and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

To the extent a jury trial is permitted by applicable law, Mr. Gomez demands a trial by jury on all matters that are triable to jury, and that the trial be held in the United States District Court for the District of Nebraska located in Omaha.

DATED this 11th day of December, 2025.


          ANTHONY GOMEZ, Defendant

8

By:   <u>/s/ Justin W. Pritchett</u>
Justin W. Pritchett #27914
1018 Dodge St. Ste 101
Omaha, NE 68102
402-933-6858 (p)
866-929-7939 (f)
justin@chandlerconway.com